were captured in Aransas Bay. Due proclamation and default were made on the return of the monition, and no claim or answer has been interposed. There must be judgment of condemnation by default against vessel and cargo, and for their confiscation as enemy property.

## Case No. 11,681.

### The REINDEER.

[Blatchf. Pr. Cas. 330.] [1]

District Court, S. D. New York. March 17, 1863.

#### PRIZE—VIOLATION OF BLOCKADE.

Vessel and cargo condemned as enemy property, and for a violation of the blockade.

In admiralty.

BETTS, District Judge. The above vessel and cargo were captured in the Gulf of Mexico, September 17, 1862, by the United States bark William G. Anderson, as prize, and put in charge of a prize-master, and ordered to this port for adjudication. On her passage to this place a survey was had upon the vessel at Key West, and, she being adjudged thereby to be unseaworthy, she was appropriated to the use of the United States, and her cargo was remitted here, and was arrested by the marshal, on due process of attachment in this suit, which was returned as served, and filed in court February 10, 1863. The libel in the cause, filed January 19, 1863, alleges the vessel and cargo to be prize of war. No claim or answer was interposed in the suit, and on the 17th of February a decree by default was duly made in the case. On the part of the libellants a consent in writing was given and filed, February 23, 1863, that 73,533 pounds of cotton, parcel of the cargo, or its proceeds in court, if sold, should be remitted to James Millinger, or his agents or attorney; upon which consent, a decree or order to that effect was duly made and entered in court on the 27th of February thereafter.

The testimony of the master, taken in preparatorio, proves that the vessel and cargo were owned by residents of the Confederate States, and that she sailed under the Confederate flag, and under a clearance and a pass from Confederate authorities, and was captured the day after she sailed from Galveston. She was consigned to Havana. She was built in Texas or Louisiana, and named the "Jefferson Davis." The master altered her name to the Reindeer before commencing this voyage. No papers were found on board of the vessel when she was taken possession of on capture. There is no ground for question, on the proof, that the vessel and cargo

were enemy property, and that she sailed from Galveston with design to violate the blockade then imposed upon that port. Decree of condemnation accordingly.

REINDEER. The (UNITED STATES v.). See Cases Nos. 16,144 and 16,145.

## Case No. 11,682.

### REINHART v. ORME et al.

[1 Cranch, C. C. 244.] [1]

Circuit Court, District of Columbia. July Term, 1805.

#### GUARDIAN—AD LITEM.

If infants are brought into court, a guardian ad litem may be appointed without a commission.

In equity.

Infants were brought in, and the court appointed a guardian ad litem, without issuing a commission.

Decree for a conveyance by consent. Quære.

REINTZEL (CRAIG v.). See Case No. 3,336.

## Case No. 11,683.

### REINTZEL v. MORGAN.

[2 Cranch, C. C. 20.] [1]

Circuit Court, District of Columbia. Dec. Term, 1810. [2]

#### PLEADING AT LAW — SPECIAL COUNT — NOTES — ACTION AGAINST MAKER.

The payee of a promissory note, who has passed it away, and been obliged by his indorsement, to take it up, may recover the money from the maker, upon a special count.

The jury found a general verdict. The defendant's counsel, Mr. Key, moved in arrest of judgment, because, as he supposed, one of the counts was bad. The count was special, and stated that Morgan made his note to Reintzel or order, who indorsed it to the Bank of the United States; that the note was duly protested for non-payment, and that Reintzel was, by his indorsement and consequent liability, obliged to pay it, and did pay it, &c. All this was averred in the most formal manner, with all the circumstances of time and place, &c.

THE COURT (FITZHUGH, Circuit Judge, contra) overruled the motion, and rendered judgment for the plaintiff, which was affirmed by the supreme court of the United States. 7 Cranch [11 U. S.] 273.

---

[1] [Reported by Samuel Blatchford, Esq.]

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Affirmed in 7 Cranch (11 U. S.) 273.]